FILED
08 FEB 21 AM 11:50
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0331 JLS WMc

| | |
|---|---|
| ANTONIO MICHAEL VITALE, | ) |
| | ) Case No._____ |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES TILTON, Secretary, California Department of Corrections and Rehabilitation, | ) |
| | ) |
| Respondent. | ) |

**PETITION FOR WRIT OF HABEAS CORPUS**

**BY A PERSON IN STATE CUSTODY[1]**

**(28 U.S.C. 2254)**

BY: PATRICK MORGAN FORD
Law Office of Patrick Morgan Ford
1901 First Avenue, Suite 400
San Diego, CA 92101
(619) 236-0679
SBN 114398

Attorney for Petitioner
ANTONIO MICHAEL VITALE

---

[1] The petition herein, prepared by counsel, complies with Habeas Corpus Rule 2(c) and follows the format of local form CIV 68 (Rev 11/98).

-1-

1. <u>Name and location of court that entered the judgment of conviction under attack</u>:

    Superior Court of San Diego County, San Diego, California.

2. <u>Date of judgement of conviction</u>:

    The sentence was imposed on April 25, 2006.

3. <u>Trial court case number of the judgment of conviction being challenged</u>:

    SCD 186877.

4. <u>Length of sentence:</u>

    42 years-to-life.

5. <u>Sentence start date and projected release date</u>:

    Sentence commenced on April 25, 2005; Petitioner is serving an indeterminate life sentence.

6. <u>Offenses for which [petitioner] was convicted or pleaded guilty to</u>:

    Three counts of rape (Penal Code section 261(a)(2));
    Four counts of forcible oral copulation (Penal Code section 288(a)(2));
    Multiple sexual assault victims (Penal Code section 667.61(a)(c)(e); and,
    Possession of a controlled substance (Health and Safety Code section 11377(a)).

7. <u>What was your plea</u>?

    (a) Not guilty     x
    (b) Guilty         _
    ©) Nolo contendre  _

8. <u>If [petitioner] pleaded not guilty, what kind of trial [was] had</u>?

    (a) Jury           x
    (b) Judge only     _

9. <u>Did [petitioner] testify at trial</u>?

_ Yes  x No

### DIRECT APPEAL

10. <u>Did [petitioner] appeal from the judgment of conviction in the **California Court of Appeal**</u>?

x Yes  _ No

11. <u>If [petitioner] appealed in the **California Court of Appeal** answer the following</u>:

(a) <u>Result</u>:

Judgment affirmed.

(b) <u>Date of result, case number and citation, if known</u>:

August 16, 2006; Case no. D046393; Unpublished opinion.

©) <u>Grounds raised on direct appeal</u>:

I. There was insufficient evidence as to a lack of consent to sustain the convictions for forcible rape and forcible oral copulation as to either of the prostitute victims.

II. The trial court denied petitioner due process of law and deprived him of a fair trial by refusing the defense request to give an instruction under *People v. Mayberry* regarding a defendant's mistaken, but good faith belief that the complainants consented to the sexual acts.

III. The trial court denied petitioner a fair trial by admitting an irrelevant and highly inflammatory video tape of appellant engaging in consensual sexual conduct with a prostitute in Thailand.

12. If [petitioner] sought direct review of the decision on appeal by the **California Supreme Court** (e.g. a Petition for Review), please answer the following:

   (a) Result:

   Petition for review denied.

   (b) Date of result, case number and citation, if known:

   November 29, 2006; No. S146674; Unpublished decision.

   ©) Grounds raised:

   Same as above in 11©).

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   Not applicable; No certiorari petition filed.

   **COLLATERAL REVIEW IN STATE COURT**

14. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Superior Court?**

   _ Yes  x No

15. If the answer to #[14] was "Yes," give the following information:

   Not applicable.

16. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal?**

   _ Yes  x No

17. If your answer to #[16] was "Yes," give the following information:

    Not applicable.

18. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court?**

    _ Yes  x No

19. If your answer to #[18] was "Yes," give the following information:

    Not applicable.

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

    Not applicable.

### COLLATERAL REVIEW IN THE FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

    x Yes  _ No

### GROUNDS FOR RELIEF

22.   I.   There was insufficient evidence as to a lack of consent to sustain the convictions for forcible rape and forcible oral copulation as to either of the prostitute victims.

//

Supporting Facts:[2]

The instant charges stem from petitioner's encounters with two different prostitutes working on El Cajon Boulevard in the Spring of 2003.

In the first incident, involving "V.S.," she accompanied petitioner in in his car to petitioner's apartment after agreeing upon a price for specified sexual acts.

V.S. would later claim that she did not want to perform some of the acts she engaged in with petitioner, however she did not state to this to petitioner, nor try to stop him or otherwise resist. Before leaving the apartment she repeatedly demanded to be paid, and appellant replied he had already paid her.

Outside, she fled from petitioner's car, ran to a liquor store and got a ride back to the area where she worked as a prostitute. She did not report this incident to police until November of 2003, when she was being interviewed regarding an unrelated prostitution ring.

In May of 2003, M.S. was also working as a prostitute on El Cajon Boulevard. She too accompanied petitioner in his car to his apartment after agreeing upon a price of $300 for some spanking and unspecified sexual acts.

Once inside the apartment, petitioner told her he was a vice cop, but she later testified that she never believed this. She engaged in several sex acts with petitioner, after he spanked her with a paddle.

Even though she cried at various times, she never indicated that she resisted, told petitioner to stop, or that she wanted to leave. She then stated that she at some point "may have" told petitioner that she no longer wanted to engage in sex, but she could not be sure. Petitioner never used or threatened her with physical force. She willing removed her clothes. While they were having sex, appellant "treated her like she was his girlfriend."

---

[2] In that petitioner is challenging the sufficiency of the evidence, a more detailed statement of the facts appears in the accompanying Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody, which is incorporated here by reference.

After petitioner refused to pay her, she ran outside and approached some people in a van, telling them she had been raped. Against her instructions, and V.S.'s pimp telling them on the phone not to do so, one of the people called police who responded to the scene. V.S. gave them a false name and told them she had been walking in the Mission Valley area when a man lured her into his car, kidnapped her and raped her. Several months later she was located in Florida and appeared at trial.

II.  The trial court denied petitioner due process of law and deprived him of a fair trial by refusing the defense request to give an instruction under *People v. Mayberry* regarding a defendant's mistaken, but good faith belief that the complainants consented to the sexual acts.

Supporting facts:

Based upon the ambiguous and self-contradictory testimony of both prostitutes regarding their alleged withdrawal of consent, and petitioner's statements in a telephone interview with a detective that the prostitutes had both consented to all the sexual acts he performed, the defense requested that the court give the so-called *Mayberry* instruction found in CALJIC No. 10.65. (*People v. Mayberry* (1975) 19 Cal.3d 143.) This instruction holds that a jury must find a defendant not guilty if he entertained a mistaken, but good-faith belief the victim of a sexual assault consented to the acts. The court refused to give the instruction, mis-citing the testimony of the prostitutes by stating that each of them had indicated they became fearful and withdrew their consent to any further sex acts.

III.  The trial court denied petitioner a fair trial by admitting an irrelevant and highly inflammatory video tape of appellant engaged in consensual sexual conduct with a prostitute in Thailand.

//

Supporting Facts:

Police searched petitioner's residence on February 10, 2004, and seized a video tape which depicted petitioner engaging in various sexual activities with a young Asian woman – perhaps in her early twenties. Appellant's passport reflected that he had traveled to Thailand from the middle of December, 2003, to the middle of January, 2004. Over defense objection, the tape (designated as People's Exhibit 20), and a Thai-to-English transcript were admitted under Evidence Code section 1108.

Petitioner contended that the tape was inadmissible under the cited statute and the Due Process clause of the Fourteenth Amendment.

Did you raise [this] ground in the **California Supreme Court**?
x Yes, at to each ground asserted.  _ No

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

  _Yes  x No

24. If you answer to #23 is "Yes," give the following information:

  Not applicable.

25. Give the name and address, if known, of each attorney who represented In the following stages of the judgment attached herein:

(a) At the preliminary hearing:

  Robert Grimes, Attorney at Law
  2664 Fourth Avenue
  San Diego, CA 92101

(b) At arraignment and plea:

  Robert Grimes

//

(c) <u>At trial</u>:

    Robert Grimes

(d) <u>At sentencing</u>:

    Robert Grimes

(e) <u>On appeal</u>:

    Patrick Morgan Ford
    Law Office of Patrick Morgan Ford
    1901 First Avenue, Suite 400
    San Diego, CA 92101

(f) <u>In any post-conviction proceeding</u>:

    This proceeding:

    Patrick Morgan Ford

(g) <u>On appeal from any adverse ruling in a post-conviction proceeding</u>:

    Not applicable.

26. <u>Were you sentenced on more than one count of an indictment, or more than one indictment in the same court and at the same time</u>?

    _ Yes  x No

27. <u>Do you have any future sentence to serve after you complete the sentence Imposed by the judgment under attack</u>?

    _ Yes  x No.

28. <u>Date you are mailing (or handing to a correctional officer) this Petition to this court</u>:

    Not applicable.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

        PATRICK MORGAN FORD,
        Attorney for Petitioner
        ANTONIO MICHAEL VITALE

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on  December 27th 2007.

        ANTONIO MICHAEL VITALE,
        Petitioner

*Antonio Michael Vitale*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANTONIO MICHAEL VITALE

**DEFENDANTS**
JAMES TILTON

(b) County of Residence of First Listed Plaintiff: LASSEN / HIGH DESERT STATE PRISON
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PATRICK MORGAN FORD
1901 1ST AVE. STE 400
SAN DIEGO, CA 92101  (619) 236-0679

Attorneys (If Known): CALIFORNIA ATTORNEY GENERAL

'08 CV 0331 JLS WMC

Filed stamp: 08 FEB 21 AM 11:50 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

28 U.S.C 2254

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C 2254
Brief description of cause: PETITION FOR WRIT OF HABEAS CORPUS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2/16/08
SIGNATURE OF ATTORNEY OF RECORD: Patrick Morgan Ford

**FOR OFFICE USE ONLY**
RECEIPT # 147915   AMOUNT $5.00 / $350   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
SC 2/21/08

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

        # 147919    - SH

        February 21, 2008
            13:18:06


           Habeas Corpus
USAO #.: 08CV0331
Judge..: JANIS L. SANMARTINO
Amount.:                $5.00 CK
Check#.: PC1613



        Total-> $5.00


FROM: VITALE V. TILTON
```