# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MICHAEL VITALE,<br><br>         Petitioner,<br> vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>         Respondent. | CASE NO. 08CV0331-JLS (WMc)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No. 14) |

On July 23, 2009, the Court entered an Order denying Antonio Michael Vitale's ("petitioner") petition for writ of habeas corpus. The Court's Order resolved the three issues raised by the petition. First, the Court found sufficient evidence to sustain petitioner's convictions for forcible rape and forcible oral copulation. Second, the Court found that plaintiff was not entitled to a <u>Mayberry</u> instruction, concerning reasonable and good-faith belief in a person's consent to sex acts as a defense to forcible rape. Third, the Court found no clearly established federal law concerning the admission of propensity evidence.

As part of his Notice of Appeal to the Ninth Circuit (Doc. No. 13), petitioner requests a certificate of appealability for each issue in his petition. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2008). "A petitioner satisfies this standard by demonstrating that jurists of reason

1  could disagree with the district court's resolution of his constitutional claims or that jurists could
2  conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-
3  El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).
4  The court must either grant the certificate of appealability indicating which issues satisfy the
5  required showing or state why a certificate should not issue.  Fed. R. App. P. 22(b).

6  The Court finds that a certificate of appealability could not issue here.  On the first claim,
7  viewing the trial record in the light most favorable to the prosecution, jurists of reason could not
8  disagree about the sufficiency of the evidence to sustain petitioner's convictions.  As discussed in
9  the Court's Order, the evidence of the victims' lack of consent met the standard of California law.
10 See People v. Iniguez, 7 Cal. 4th 847, 856-57 (Cal. 1994).  Also, given the state of the evidence,
11 jurists could not conclude that the issue deserves encouragement to proceed further.

12 On the second claim, jurists of reason could not conclude that the failure to give the
13 Mayberry instruction "by itself so infected the entire trial that the resulting conviction violate[d]
14 due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977).  Similarly, jurists of reason could
15 not conclude that, even if the lack of a Mayberry instruction somehow violated due process, the
16 deprivation substantially influenced the trial outcome.  Brecht v. Abrahamson, 507 U.S. 619, 637
17 (1993).  The evidence presented at trial would not support the conclusion of a reasonable mistake
18 as to consent, the prerequisite for a Mayberry instruction.  Given the lack of evidence of a
19 reasonable mistake, the failure to give the Mayberry instruction did not substantially influence the
20 trial outcome.  Again, given the state of the evidence, jurists could not conclude that the issue
21 deserves encouragement to proceed further.

22 On the third claim, the Ninth Circuit recently addressed the same issue in Holley v.
23 Yarborough, 568 F.3d 1091 (9th Cir. 2009).  This Court followed the Ninth Circuit's opinion in
24 Holley.  Therefore, jurists of reason could neither disagree with this Court's resolution of the claim
25 nor consider the issue adequately presented for further consideration.
26 //
27 //
28

1  For the reasons stated herein, the Court **DENIES** petitioner's motion for a certificate of
2  appealability as to all issues presented in the petition.
3  IT IS SO ORDERED.
4  DATED: August 7, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge